## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SCOTT R. WITZKE        *    Civil Action No.: _____
8137 Delmar Road
Delmar, DE 19940       *

     Plaintiff         *

v.                        *

PEPSI BOTTLING VENTURES, LLC   *
2300 Goddard Parkway
Salisbury, MD 21801       *

     Defendant       *

       Serve: Cindy Mitchell   *
            2300 Goodard Parkway
            Salisbury, MD 21801   *

*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiff, Scott Witzke, through undersigned legal counsel, Luke A. Rommel, and Rommel and Associates, LLC, files this Complaint against Defendant, Pepsi Bottling Ventures, LLC, and as cause of action states as follows:

## NATURE OF THE CASE

1.     This action is brought by the Plaintiff, Scott R. Witzke (hereinafter "Witzke"), who was terminated from his employment of thirty-one years at Defendant, Pepsi Bottling Ventures, LLC (hereinafter "Pepsi").  Mr. Witzke was fifty years old and was involuntarily terminated from Pepsi because of his age.  He did not fit into the newly implemented "youth culture" at Pepsi.  At all relevant times before his termination, Mr. Witzke was an exceptional, high-performing employee.  Pepsi terminated Mr. Witzke without providing a reason and without following its own written disciplinary procedures.  But for Mr. Witzke's age, he would still be employed at Pepsi.

1

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C §§ 1331, 1332, 1343 and 1367, as well as diversity jurisdiction and principles of supplemental and pendant jurisdiction.  Venue is appropriate in this Court pursuant to 28 U.S.C § 1391.  This Complaint is filed under the Age Discrimination in Employment Act, 29 U.S.C.S. § 621 et seq.

3.      The causes of action alleged herein arise from factual allegations occurring in this judicial district.  Pepsi actively does business in this district.

4.      On or around December 30, 2016, Mr. Witzke received a Notice of Right to Sue from the United States Equal Employment Opportunity Commission.

5.      The amount in controversy exceeds $75,000.00.

**PARTIES**

6.      Plaintiff, Scott R. Witzke, is a currently a resident of Delmar, Delaware.

7.      Defendant, Pepsi Bottling Ventures, LLC, is a limited liability company, active in Maryland, with its principal office in Raleigh, North Carolina.

**FACTS COMMON TO ALL COUNTS**

8.      Mr. Witzke was hired by Pepsi on or around June 19, 1984.  He began his career as a driver.  Over the course of the next thirty-one years, Mr. Witzke was promoted, and excelled at Pepsi, predominantly in a sales-management capacity.  Mr. Witzke was regularly one of Pepsi's top salespeople, and received numerous awards, recognitions, and favorable employee reviews.  Mr. Witzke performed so exceptionally at Pepsi that Morgan Hazel, the company's prior owner, would often state "Scott [Witzke] can spot a multi-million-dollar account blindfolded."  At all relevant times, Mr. Witzke met or exceeded Pepsi's objective employment expectations.

9.      In 2006, Pepsi was purchased by a new owner.  Shortly thereafter, Pepsi implemented a written "Progressive Disciple Policy," also known as the "Three Strike Rule," while

2

the company used to govern and set the procedural framework for employee-related discipline. Under this policy, employees were given three "warnings" or other corrective action. After these "three strikes," employees could then be terminated.

10. After Pepsi was acquired by new ownership, it also began to cultivate and promote a new, youth culture within the ranks of its sales department. This youth culture largely focused upon two factors: 1) the actual age of its sales personnel; and 2) the perceived "youthfulness" of its sales personnel. Those who fit into Pepsi's youth culture were favored and promoted; those who did not fit in were disfavored, phased-out, or in Mr. Witzke's case, terminated.

11. Mr. Witzke was told by supervisory employees at Pepsi, including his supervisor, David Goslee, that "he was beginning to look weathered" and "we got [sic] a lot of gray hair in the department." These comments implicitly reflect Pepsi's commitment to rotate and replace its older sales employees with younger employees, without regard to the older employees' job performance.

12. Pepsi implemented software, known as "CRM," that was designed and intended to retain customer and client information obtained and possessed by older, longstanding sales employees, with the ultimate goal of passing this information on to younger employees and to phase out older employees. According to David Goslee, a supervisory Pepsi employee, who oversaw Mr. Witzke, Pepsi did not want to "lose all the knowledge" of older employees "when they left." On numerous occasions, Pepsi supervisory employees stated the CRM software was designed to "harvest the tribal knowledge of older employees."

13. Part of the youth culture at Pepsi involved its salespersons drinking on the job with recently-acquired customers at local bars, and driving to and from these bars in Pepsi work vehicles. For example, in late summer or early fall of 2014, numerous Pepsi sales employees drank heavily at one recently acquired account, Harborside Bar and Grill in Ocean City, Maryland. Pepsi sales employees began drinking early in the afternoon, and continued drinking throughout the day. The

sales employees were joined and encouraged by Pepsi supervisory personnel, including Clair Niver, the Vice President of Human Resources, and Randy Quirk, the Vice President of "On-Premise." Pepsi sales and supervisory employees consumed numerous "Orange Crushes," a strong vodka (and lemon-lime soda) cocktail that is a known specialty at Harborside Bar and Grill. These same employees left the bar in work vehicles, under the influence of alcohol, and returned approximately 25-30 miles to Pepsi in Salisbury. When Mr. Witzke voiced his objection to this conduct, his concerns were ignored, because according to Pepsi, Mr. Witzke did not fit in with the youth culture. In addition, Mr. Witzke's objections to work-related drinking and driving were seen as a nuisance, and obstructing or getting in the way of everyone at Pepsi having a good time.

14.     In August of 2015, and near the conclusion of his employment, Mr. Witzke informed Pepsi that he was experiencing health related issues, some of which may require surgery. These issues would not foreseeably impact Mr. Witzke's job performance, but further reinforced Pepsi's stance that Mr. Witzke did not fit in with its youth culture.

15.     Mr. Witzke was terminated on February 26, 2016. At the time Mr. Witzke was terminated, he was given no reason to support this decision. After Mr. Witzke was terminated, he was replaced by Colin Brittingham. When he was hired, Mr. Brittingham was twenty-five years old. Since Mr. Brittingham was hired, his job performance has been objectively inferior to that which was performed by Mr. Witzke. The only known reason that Mr. Brittingham was hired in place of Mr. Witzke, and has maintained his employment, despite numerous disciplinary infractions, is that he is half the age of Mr. Witzke, and therefore fits into Pepsi's youth culture.

16.     Pepsi has subsequently offered several explanations as to why Mr. Witzke was terminated, all of which are pretextual. The first reason, provided to the Maryland Unemployment Commission, was that Mr. Witzke "fail[ed] to correct a misplaced order." The second reason, provided to the E.E.O.C., was that Mr. Witzke "falsif[ied] company documents." The actual reason

4

that Mr. Witzke was terminated was because of his age; according to Pepsi, Mr. Witzke did not fit

into the new, youth culture.  Mr. Brittingham, at twenty-five, did fit into this culture, so Pepsi hired

him to take Mr. Witzke's place.

**COUNT I – AGE DISCRIMINATION IN EMPLOYMENT ACT
("ADEA")(29 U.S.C.A. § 621 et seq.)**

17.     Mr. Witzke incorporates by reference the facts and allegations set forth above in the

Complaint, as if fully set forth hereunder.

18.     Mr. Witzke was fifty years old at the time he was terminated by Pepsi.

19.     At the time he was terminated, Mr. Witzke's job performance was, at minimum,

satisfactory.  In most regards, Mr. Witzke's job performance exceeded any objective criteria set forth

or enforced by Pepsi, and he met all objective performance-based expectations.

20.     Mr. Witzke was discriminated against, and ultimately terminated, because of his age.

But for his age, Mr. Witzke would still be employed at Pepsi.

21.     The reasons offered by Pepsi to support its termination of Mr. Witzke were not the

real reasons; he was terminated because of his age.  Pepsi likewise did not follow or adhere to its

own disciplinary procedures before it terminated Mr. Witzke.

WHEREFORE, Plaintiff, Scott Witzke, demands judgment for the damages and violation of

his constitutional rights against Pepsi Bottling Ventures, LLC, for actual general, special and

compensatory damages in an amount not less than Seventy-Five Thousand Dollars ($75,000.00), plus

punitive damages, plus the costs of this action, including attorneys' fees and expenses, and such other

relief as the nature of his cause and principles of justice may require.

**PRAYERS FOR RELIEF**

WHEREFORE, the above premises considered, Plaintiff, Scott Witzke, demands:

1.     That process issue to Defendant, and that it be required to answer in the time allowed

by law.

2.       That judgment be rendered in favor of Plaintiff, and against Defendant, on all causes of action asserted herein.

3.       That Plaintiff be awarded punitive damages against the Defendant.

4.       That Plaintiff be awarded the reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C § 1988 (b) and (c).

5.       That Plaintiff receives other further and general relief as it may appear he is entitled.

6.       A jury for the trial of this matter.


Date: March 8, 2017

_____/S/_____
Luke A. Rommel, Esquire
(Federal Bar #16949)
lrommel@rommelandassociates.com
108 West Main Street, Suite 2B
Salisbury, Maryland 21803
Telephone 443-859-8131
*Attorneys for Plaintiff*